ALYSSON SNOW (Bar No. 225185)
JOE VILLASEÑOR (Bar No. 265703)
**LEGAL AID SOCIETY OF SAN DIEGO, INC.**
110 South Euclid Avenue
San Diego, California 92114
Tel.: 619-471-2655
Fax: 619-263-5697
alyssons@lassd.org
joev@lassd.org

*Attorneys for Plaintiff*
Erik Spitzbarth

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK SPITZBARTH<br><br>Plaintiff,<br><br>vs.<br><br>CACH, LLC and, DOES 1 to 10, Inclusive,<br><br>Defendants. | Civil Action No. **'12CV2885 L    JMA**<br><br>COMPLAINT FOR:<br><br>• **VIOLATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>• **VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>• **VIOLATIONS OF CALIFORNIA'S BUSINESS & PROFESSIONS CODE §17200.**<br><br>**Jury Trial Demanded** |

Plaintiff ERIK SPITZBARTH ("Mr. Spitzbarth" or "Plaintiff") complains against CACH, LLC ("Defendant Debt Collector") and DOES 1 through 10, (all defendants collectively, "Defendants") as follows:

### INTRODUCTION

1. This is a case of Defendant Debt Collector violating federal law in its attempts to collect a debt from Plaintiff that it was not legally entitled to. On several occasions, Defendant Debt Collector has engaged in unfair debt collection activities in violation of 15 United States

-1-

Code sections 1692, *et seq.*, ("FDCPA"), California Civil Code sections 1788, *et seq.*, ("RFDCPA"), and California's Unfair Competition Law. Plaintiff now seeks to vindicate the rights afforded to him by these statutes.

## JURISDICTION

2. This Court has original jurisdiction pursuant to Title 15 of the United States Code sections 1692, *et seq.*, the federal Fair Debt Collections Practices Act, and Title 28 of the United States Code section 1331. Further, this Court has supplemental jurisdiction pursuant to Title 28 of the United States Code section 1367.

3. Venue is proper in the United States District Court, Southern District of California because at least one of the defendants resides in this District and a substantial part of the acts, events, and/or omissions giving rise to the claims occurred within this District.

## JURY TRIAL DEMAND

4. Mr. Spitzbarth hereby demands a jury trial.

## THE PARTIES

5. Mr. Spitzbarth is an individual and a resident of San Diego County.

6. Mr. Spitzbarth is informed and believes that Defendant CACH, LLC is and at all times mentioned in this Complaint was a Delaware limited liability company doing business in California.

7. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Mr. Spitzbarth who therefore sues said Defendants by such fictitious names. Mr. Spitzbarth will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Mr. Spitzbarth is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Mr. Spitzbarth's damages.

8. At all relevant times, Mr. Spitzbarth was and is a consumer as defined by Title 15 United States Code section 1692a(3).

9. At all relevant times, Mr. Spitzbarth is informed and believes and, based thereon, alleges that Defendant CACH, LLC is, and all times in this Complaint was, a debt collection agency who, in the ordinary course of business, regularly, on behalf of itself or others, engages in the business of collecting consumer debt within the meaning of Title 15 United States Code section 1692a(6).

## FACTUAL ALLEGATIONS

10. CACH, LLC allegedly buys consumer debts for pennies on the dollar and then collects upon said debts. CACH, LLC counts on obtaining default judgments against uninformed and unrepresented consumers or convincing said consumers that they owe CACH, LLC money related to consumer debts before consumers have the opportunity to investigate the basis for the claims brought against them.

11. CACH, LLC files lawsuits by the hundreds in San Diego County Superior Court and in many other jurisdictions in an effort to wrench money from consumers as part of its regular debt collection activities.

12. CACH, LLC's debt collection lawsuits are filed with scant evidentiary support.

13. CACH, LLC frequently reports to major credit reporting agencies regarding the status of the account it purports to own as part of its regular debt collection activities.

14. On or around October 11, 2011, Defendant CACH, LLC filed a lawsuit against Mr. Spitzbarth seeking $4,702.23, San Diego County Superior Court Case Number 37-2011-00058996-CL-CL-NC. Defendant served Mr. Spitzbarth with said lawsuit by personal service on or around December 4, 2012. Defendant's lawsuit contained numerous misrepresentations about the amount, nature, and legal status of the debt and sought amounts which Defendants were not entitled to by agreement, contract, or otherwise.

15. The case proceeded to trial on or around September 24, 2012. The trial court entered judgment for Mr. Spitzbarth and against CACH, LLC, finding that Mr. Spitzbarth was not liable to CACH, LLC for any amount.

16. On information and belief, CACH, LLC falsely represented and continues to falsely represent the amount, nature, and legal status of the purported debt to the major credit reporting bureaus.

17. Mr. Spitzbarth now sues Defendant for its numerous violations of Title 15 United States Code sections 1692, *et seq.*, California's Rosenthal Fair Debt Collection Practices Act, and the California Unfair Competition Law.

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. §§1692 *et seq.* Against All Defendants

18. Mr. Spitzbarth repeats and re-alleges and incorporates by reference paragraphs 1 through 17 above of the Complaint as if stated fully herein.

19. Defendant Debt Collector violated the Federal Fair Debt Collection Practices Act, ("FDCPA"). Defendant Debt Collector' violations include, but are not limited to:

- Violating Title 15 of the United States Code section 1692e(2)(A) by falsely representing the character, amount, and legal status of the alleged debt;
- Violating Title of the 15 United States Code section 1692e(8) by communicating false credit information to credit reporting agencies; and
- Violating Title 15 of the United States Code section 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.

20. As a direct and proximate result of the above violations of the FDCPA, Defendant Debt Collector has caused Mr. Spitzbarth to suffer damages.

## SECOND CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act California Civil Code § 1788, *et seq.* Against All Defendants

21. Mr. Spitzbarth repeats, re-alleges, and incorporates by reference paragraphs 1 through 20 above of the Complaint as if stated fully herein.

22. Defendant Debt Collector violated the California Rosenthal Fair Debt Collection

-4-

Practices Act. Defendant Debt Collector's violations include, but are not limited to, the following:

- Violating California Civil Code section 1788.17 by violating 15 United States Code sections 1692, *et seq.* as detailed above.

23. As a direct and proximate result of the above violations of the Rosenthal Fair Debt Collection Practices Act, Defendants directly and proximately caused Mr. Spitzbarth to suffer damages.

### THIRD CAUSE OF ACTION

### Violations of the California Business and Professions Code §§ 17200, *et seq.* Against All Defendants

24. Plaintiff repeats and realleges the allegations in paragraphs 1 through 23 of the Complaint as if stated fully herein.

25. California Business and Professions Code section 17200, *et seq.* prohibits unfair, unlawful, and fraudulent business practices.

26. Defendant Debt Collector has engaged in unfair competition as defined by California Business and Professions Code section 17200.

27. Defendant Debt Collector's acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it caused. Further, Defendants' conduct is unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. And, as detailed above, Defendants' conduct violates consumer laws, including the federal Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act. Defendants' conduct also violates the spirit of these laws and otherwise significantly threatens or harms consumers. Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff, and is not outweighed by countervailing benefits to consumers or to competition.

28. Defendants' actions constitute unlawful competition because they engaged in the following acts:

-5-

- (a) Violating Title 15 of the United States Code section 1692e(2)(A) by falsely representing the character, amount, and legal status of the alleged debt;
- Violating Title of the15 United States Code section 1692e(8) by communicating false credit information to credit reporting agencies;
- Violating Title 15 of the United States Code section 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law; and
- Violating California Civil Code section 1788.17.

29. As a direct and proximate result of Defendants' unfair and unlawful business practices, Plaintiff has suffered injury in fact and monetary damages.

30. Plaintiff seeks restitution, pursuant to Business and Professions Code section 17203.

31. Defendants are engaging, have engaged, and there is a substantial likelihood that they will continue to engage in these unfair and unlawful business practices unless enjoined by this Court. As such, pursuant to Business and Professions Code section 17203, Cross-Defendants should be enjoined from unlawful and unfair business acts.

**PRAYER FOR RELIEF**

1. $1,000.00 in statutory damages for Defendants' violation of 15 U.S.C. Sections 1692, *et seq.*;

2. $1,000.00 in statutory damages for Defendants' violation of California Civil Code Section 1788.30;

3. Actual damages pursuant to 15 U.S.C. Section 1692k and California Civil Code Section 1788.30.

4. Attorney's fees and litigation costs pursuant to pursuant to 15 U.S.C. Section 1692k and California Civil Code Section 1788.30;

5. Restitution pursuant to California Business and Professions Code section 17200, *et*

*seq.*;

    6.    Injunctive relief; and

    5.    Any other relief the court deems proper.

Dated: December 4, 2012

                              Respectfully submitted,

                              By  s/ Joe Villaseñor
                                  ALYSSON SNOW
                                  JOE VILLASEÑOR
                                  SAMUEL HENDERSON
                                  *Attorneys for Plaintiff*
                                  Erik Spitzbarth
                                  Email: alyssons@lassd.org
                                  Email:  joev@lassd.org