UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK SPITZBARTH, ) | Case No. 12-cv-2885-L(JMA) |
| Plaintiff, ) ) | **ORDER GRANTING MOTION FOR LEAVE TO PROCEED** *IN FORMA* |
| v. ) ) | *PAUPERIS* **[DOC. 2]** |
| CACH, LLC, ) ) | |
| Defendant. ) | |

On December 4, 2012, Plaintiff Erik Spitzbarth commenced this action against Defendant CACH, LLC for alleged violations of the Federal Fair Debt Collection Practices Act, the California Rosenthal Fair Debt Collection Practices Act, and the California Business and Professions Code § 17200. On the same day, he filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma*

*pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.  *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family).  Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement).  In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status.  Plaintiff is unemployed and currently receiving $750.00 monthly in unemployment benefits.  (IFP Mot. at ¶ 3 [Doc. 2].)  Plaintiff also lists "Family Support" as another source of income but there are "no specific monthly amounts [recieved]." (*Id.*)  No other sources of income are listed.  He also owns a 2000 Ford Ranger Pickup, which is the only asset listed. (*Id.* ¶ 5.)  Plaintiff's expenses include $870 for rent, $100 for utilities, and $60 for gas. (*Id.* ¶ 6.)  He also has "[s]everal thousand dollars of credit card

debt." (*Id.* ¶ 8.) Plaintiff's expenses alone are clearly greater than his current sources of income. Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *Adkins*, 335 U.S. at 339.

Accordingly, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*. (Doc. 2.) However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.**

IT IS SO ORDERED.

DATED: December 6, 2011

_____
M. James Lorenz
United States District Court Judge